PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
Victoria C. Knowles, Bar No. 277231
vknowles@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff and the Proposed Class

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MIGUEL ESPARZA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PREMIER CHOICE INC., a California corporation, d/b/a WWW.URTHBOX.COM;<br><br>Defendant. | Case No.: 2:25-cv-8990<br><br>**CLASS ACTION COMPLAINT FOR: (1) VIOLATION OF CONSUMERS LEGAL REMEDIES ACT, CAL. CIVIL CODE § 1750 *ET SEQ.*; (2) VIOLATION OF CAL. BUS. & PROF. CODE § 17500 *ET SEQ.*; AND (3) VIOLATION OF CAL. BUS. & PROF. CODE § 17200 *ET SEQ.*** |

Plaintiff Miguel Esparza ("Plaintiff") alleges as follows:

## I. NATURE OF ACTION

1. Plaintiff brings this action on behalf of himself for his purchase of an automatically renewing paid subscription from Urthbox Inc. ("Defendant") via its website at: https://www.urthbox.com (the "Website"), which caused Plaintiff to incur unlawful charges from Defendant related to an automatic renewal or continuous service. Defendant made unlawful automatic renewal and/or continuous service offers to consumers in California in violation of California's Automatic Renewal Law (the "ARL"), Cal. Bus. & Prof. Code § 17600 *et seq.*, by: (1) failing to provide "clear and conspicuous" disclosures mandated by California law; and (2) failing to provide an acknowledgment to consumers that includes the automatic renewal or continuous service

offer terms, the cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer. The ARL imposed a statutory duty upon Defendant to disclose such information to consumers who purchased subscriptions from Defendant or entered into continuous service agreements with Defendant. The foregoing violations of the ARL by Defendant likewise constitute violations of California's Consumers Legal Remedies Act (the "CLRA"), California Civil Code § 1750 *et seq*, California's Unfair Competition Law (the "UCL"), California's False Advertising Law (the "FAL"), California Business & Professions Code § 17500 *et seq*., and California's Unfair Competition Law (the "UCL"), California Business & Professions Code § 17200 *et seq*.

2. Plaintiff seeks to enjoin Defendant from the ongoing violations of California law, as well as seek damages, punitive damages, restitution, and reasonable attorneys' fees and costs.

## II. JURISDICTION AND VENUE

3. Plaintiff is and was at all times mentioned herein a citizen of the State of California.

4. Plaintiff is informed and believes and based thereon alleges that Defendant is a corporation incorporated under the laws of the State of California having its principal place of business in the State of California.

5. This Court has subject matter jurisdiction of this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2), because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is at least minimal diversity because at least one Plaintiff and Defendant are citizens of different states.

6. Defendant is subject to jurisdiction under California's "long-arm" statute because the exercise of jurisdiction over Defendant is not "inconsistent with the Constitution of this state or the United States."

7. Defendant is an online retailer that sells products nationwide and in California. Defendant has substantial contacts with and receives substantial benefits and income from and through the state of California. Defendant made, and continues to make, automatic renewal or continuous service offers to consumers in California. Defendant operates the Website, which markets and sells healthy snack box deliveries.

8. Defendant engaged in intentional acts by operating its Website and making it available to California residents, deceptively advertising its products via its Website to California residents including Plaintiff, expressly aiming its conduct toward California residents by conducting substantial business with residents of the State of California via its Website, and causing economic harm to California residents that Defendant knew would be likely to be suffered in California. Plaintiff is informed and believes and thereon alleges that Defendant generates a minimum of eight percent of its revenues from its Website based upon interactions with Californians, such that the Website "is the equivalent of a physical store in California." *Thurston v. Fairfield Collectibles of Georgia*, 53 Cal. App. 5th 1231, 1235 (2020), *review denied*, No. S264780 (Dec. 9, 2020). Plaintiff is informed and believes and thereon alleges that Defendant sells products to Plaintiff and other California residents as part of its regular course of business. Plaintiff is informed and believes and thereon alleges that Defendant sells thousands of products to California residents each year. Plaintiff is informed and believes and thereon alleges that Defendant exercises at least some level of control over the ultimate distribution of its products sold via its Website to the end consumer including products shipped into California.

9. Pursuant to 28 U.S.C. § 1391, venue is proper because a substantial part of the acts and events giving rise to the claims occurred in this District in that many class members reside in and were injured in this District.

# III. FACTUAL ALLEGATIONS

## A. The Automatic Renewal Law, Cal. Business & Prof. Code §§ 17600-17606

10. On December 1, 2010, the Automatic Renewal Law ("ARL") at sections 17600-17606 of the Cal. Bus. & Prof. Code came into effect. The Legislature's stated intent for this Article was to end the practice of ongoing charges to consumers without consumers' explicit consent for ongoing shipments of a product or ongoing deliveries of service. *See* Cal. Bus. & Prof. Code § 17600.

11. Cal. Bus. & Prof. Code § 17602(a) makes it unlawful for any business making an automatic renewal or continuous service offer to a consumer in this state to do any of the following:

> (1) Fail to present the automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner before the subscription or purchasing agreement is fulfilled and in visual proximity, or in the case of an offer conveyed by voice, in temporal proximity, to the request for consent to the offer.
>
> (2) Charge the consumer's credit or debit card, or the consumer's account with a third party, for an automatic renewal or continuous service without first obtaining the consumer's affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms.
>
> (3) Fail to provide an acknowledgment that includes the automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer. If the offer includes a free trial, the business shall also disclose in the acknowledgment how to cancel and allow the consumer to cancel before the consumer pays for the goods or services.

12. Cal. Bus. & Prof. Code § 17601(a)(1) defines the term "Automatic renewal" as a "plan, arrangement, or provision of a contract that contains a free-to0pay conversion or in which a paid subscription or purchasing agreement is automatically renewed at the end of a definite term for a subsequent term."

13. Cal. Bus. & Prof. Code § 17601(a)(2) requires that all "Automatic renewal offer terms" and "continuous service offer terms" contain the following "clear and conspicuous" disclosures: (A) "That the subscription or purchasing agreement will continue until the consumer cancels. (B) The description of the cancellation policy that applies to the offer. (C) The recurring charges that will be charged to the consumer's credit or debit card or payment account with a third party as part of the automatic renewal plan or arrangement, and that the amount of the charge may change, if that is the case, and the amount to which the charge will change, if known. (D) The length of the automatic renewal term or that the service is continuous, unless the length of the tern is chosen by the consumer. (E) The minimum purchase obligation, if any."

14. Pursuant to Cal. Bus. & Prof. Code § 17601(a)(3), "[c]lear and conspicuous" or "clearly and conspicuously'' means "in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbols or other marks, in a manner that clearly calls attention to the language."

15. Cal. Bus. & Prof. Code § 17602(c)(1) provides: "A business that makes an automatic renewal offer or continuous service offer shall provide a toll-free telephone number, email address, a postal address if the seller directly bills the consumer, or it shall provide another cost-effective, timely, and easy-to-use mechanism for cancellation that shall be described in the acknowledgment specified in paragraph (3) of subdivision (a)."

16. Cal. Bus. & Prof. Code § 17603 provides: "In any case in which a business sends any goods, wares, merchandise, or products to a consumer, under a continuous service agreement or automatic renewal of a purchase, without first obtaining the consumer's affirmative consent as described in Section 17602, the goods, wares, merchandise, or products shall for all purposes be deemed an unconditional gift to the consumer, who may use or dispose of the same in any manner he or she sees fit without any obligation whatsoever on the consumer's part to the business, including. but not

limited to, bearing the cost of, or responsibility for, shipping any goods, wares, merchandise, or products to the business."

**B. <u>Defendant's Pre-Transaction Violations of the ARL</u>**

17. Defendant offers through the Website various subscriptions for products to consumers. Defendant's offerings constitute an "automatic renewal" because such offerings comprise of plans, arrangements, or provisions of a contract that contains a free-to-pay conversion or in which a paid subscription or purchasing agreement is automatically renewed at the end of a definite term for a subsequent term for the purposes of Cal. Bus. & Prof. Code § 17601(a)(1).

18. At relevant times, an example of Defendant's plan presented on its Website is as follows:




https://www.urthbox.com/#howitworks-scroll (last visited Sept. 10, 2025).

19. At relevant times, Defendant's final checkout page in its order flow process is presented on its Website as follows:


UrthBox
Express checkout
shop
PayPal
G Pay
By continuing with your payment, you agree to the future charges listed on this page and the cancellation policy.
OR
Contact
Email
Enter an email
Email me with news and offers
Delivery
Country/Region
United States
First name
Ashley
Last name
Hall
Company (optional)
Address
20 Flagstone Cove
Apartment, suite, etc. (optional)
City
Dunlap
State
Tennessee
ZIP code
37327
Phone
+1 423-718-0758
Shipping method
First shipment
Free Shipping
FREE
Recurring shipments
Free Shipping - Free shipping every month
Payment
All transactions are secure and encrypted.
Credit card
VISA
+5
Card number
Expiration date (MM / YY)
Security code
Name on card
Ashley Hall
Use shipping address as billing address
PayPal
PayPal
Pay now
I agree to the terms and conditions
Refund policy
Privacy policy
Terms of service
Cancellations
Contact
Mini Box
Vegan
6 Months
Delivery Every 1 Month for 6 months
$137.94
Discount code or gift card
Apply
Subtotal
$137.94
Shipping
FREE
Total
USD $137.94
Frequency
Delivery Every 1 Month for 6 months

https://www.urthbox.com/checkouts/cn/hWN2p2aOr58TqWfz7izeStuS/en-us?skip_shop_pay=true&checkout_queue_token=AyKlYGF9dgIqx7IJ5JUMh0rEaK3Wh5StKN_k-VIuMmaOfnTojeQH9ssuXP5xohdg3y09glGaeOjhCqDTBfajjy4aPnGhfEPtbLzC6TWzO82NAzxvvSjU-Q%3D%3D&shop_pay_checkout_as_guest=true (last visited Sept. 10, 2025).

20. Defendant's final checkout page presented to consumers violates the ARL. In particular, such page violates Section 17602(a)(1) by failing to describe the "cancellation policy that applies to the offer" as set forth in section 17601(a)(2)(B) via "clear and conspicuous" disclosures in compliance with section 17601(a)(3) by failing to include the automatic renewal offer terms and continuous service offer terms in a "clear and conspicuous" manner, *i.e.*, with "larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbols or other marks, in a manner that clearly calls attention to the language."

21. Defendant's checkout page does not set forth its purported automatic renewal offer terms and continuous service offer terms. The only hint that the subscription is, in fact, a subscription are the words "Delivery Every 1 Month for 6 Months," which Plaintiff's investigation has determined is in a comparatively small 10.5 point type size in the Segoe UI font in a light gray color against a slightly lighter gray background.

22. Other elements on that same checkout webpage are in comparatively larger size such as the large "Pay now" button and the headings, including the word "Payment," that are in bold 16 point type size. Such other elements direct the user's attention everywhere else besides the Website's textual disclosure statement on its final checkout page. *Berman v. Freedom Financial Network, LLC*, 30 F.4th 849, 857 (9th Cir. 2022) (determining that "comparatively larger font used in all of the surrounding text naturally directs the user's attention everywhere else"); *Dawson v. Target Corp.*, 2025 WL 1651940, at *3 (N.D. Cal. June 11, 2025) (finding screenflows failed to provide

reasonable notice of defendant's hyperlinked terms and preceding disclaimers because of "overwhelming inconspicuousness created by its small font size and placement that otherwise causes the Terms & Conditions to blend into the screen"); *Strehl v. Guitar Center, Inc.*, 2023 WL 9700041, at *7 (C.D. Cal. Nov. 3, 2023) (Kronstadt, J.) (noting that textual disclosure statement on final order flow webpage "is in a smaller font" "relative to" other text on same webpage and "Complete Order" button intended to manifest user's assent); *Farmer v. Barkbox, Inc.*, 2023 WL 8522984, at *2 (C.D. Cal. Oct. 6, 2023) (Sykes, J.) (holding that website design did not satisfy objective reasonableness standard because textual disclosure notice was "printed small" "with other graphics and text more likely to attract the user's attention"); *Chabolla v. ClassPass, Inc.*, 2023 WL 4544598, at *4 n.3 (N.D. Cal. June 22, 2023) (denying motion to compel arbitration in sign-in wrap agreement even where terms were hyperlinked in blue font because "this [color] alone does not make the text notice of the Terms conspicuous in light of the other deficits identified" such as the tiny font size), *aff'd*, 129 F.4th 1147, 1154 (9th Cir. 2025).

23. Although the "cancellations" hyperlink at the bottom of the checkout, if clicked, takes the user to a window that describes a portion of Defendant's cancellation policy, such window fails to describe such policy sufficiently in a manner that would allow a user to easily cancel the user's subscription. For example, such window states in relevant part, "If you want to cancel or change your subscription, you can do it at any time. Your order confirmation emails have links to your order. You can manage your subscription from there." Defendant's homepage also sets forth, in its FAQ section, "Canceling Urthbox is very easy! All you need to do is log-in to your account and hit the cancel button." https://www.urthbox.com/#howitworks-scroll (last visited Sept. 10, 2025).

24. In reality, subscribers have to click "manage subscription" in their accounts before they will see the cancellation option.

25. In short, Defendant fails to properly present consumers with its automatic renewal offers or continuous service offer terms prior to a consumer completing a purchase.

**C. <u>Plaintiff's Transaction on the Website and Subsequent Recurring Charges</u>**

26. On June 4, 2025, Plaintiff purchased a product named Small Box Pack (the "Product") from Defendant via the Website at a price of $39.99. On July 5, 2025, Plaintiff's credit card account was charged by Defendant $39.99 for the Product as part of a recurring monthly charge. After discovering such second charge to Plaintiff's credit card account by Defendant, Plaintiff cancelled the subscription shortly thereafter.

**D. <u>Plaintiff's Legal Remedy Is an Inadequate Remedy at Law</u>**

27. Plaintiff seeks damages and, in the alternative, restitution. Plaintiff is permitted to seek equitable remedies in the alternative because Plaintiff has no adequate remedy at law. *Coleman v. Mondelez Int'l Inc.*, 554 F. Supp. 3d 1055, 1065 n.9 (C.D. Cal. 2021) (Olguin, J.) (holding that alternative pleading at the pleading stage is acceptable) (citing cases).

28. A legal remedy is not adequate if it is not as certain as an equitable remedy. *Coleman v. Mondelez Int'l Inc.*, 554 F. Supp. 3d 1055, 1065 (C.D. Cal. 2021) (holding that "plaintiff has sufficiently established at this stage that she lacks an adequate remedy at law with respect to her claims for equitable relief" because "the court is persuaded that" "her allegations sufficiently plead that 'restitution under the CLRA or UCL would be more certain, prompt, or efficient' than the monetary damages she seeks, but may ultimately not attain"). In particular, the elements of Plaintiff's equitable claims are different and do not require the same showings as Plaintiff's legal claim under the CLRA. *See Ostrovskaya v. St. John Knits, Inc.*, 2022 WL 2102895, at *5 (C.D. Cal. Mar. 31, 2022) (Gee, J.) ("The FAL and the UCL provide for only restitutionary and injunctive relief, whereas the CLRA also provides for monetary damages. In many cases, liability under the three statutes will involve the same facts and elements. But here, Plaintiff predicates her FAL claim largely on a specific statutory provision…. Plaintiff may be

able to prove these more straightforward factual elements, and thus prevail under the FAL, while still being unable to convince a jury of the more subjective claim that 'members of the public are likely to be deceived,' and therefore fail with respect to her CLRA claim. Plaintiffs alleges as much in her pleading. Thus, she has shown how restitution—her only available remedy under the FAL—'would be more certain, prompt, or efficient than the legal remedies' available under the CLRA.") (internal citations omitted); *Farmer v. BarkBox, Inc.*, 2023 WL 8522984, at *6 (C.D. Cal. Oct. 6, 2023) ("Plaintiff's CLRA claim includes more 'stringent elements' than her UCL claim, such that she may demonstrate her right to restitution under the UCL but fall short of establishing her right to damages under the CLRA.").

29. For example, Plaintiff's claims under the UCL and FAL (equitable claims seeking restitution) are predicated on specific statutory provisions under the ARL, which prohibit the failure to include certain clear and conspicuous disclosures about automatic renewal offer terms including cancellation policy before and after a transaction for such purchase occurs. (Cal. Bus. & Prof. Code § 17602(a)(1) & (3).) Plaintiff may be able to prove these more straightforward factual elements, and thus prevail under the UCL and FAL, while not being able to prove one or more elements of Plaintiff's legal claim under the CLRA seeking damages governed by the reasonable consumer test.

30. Finally, legal damages are inadequate to remedy the imminent threat of future harm that Plaintiff faces. Only an injunction can remedy this threat of future harm. Plaintiff would purchase either the product or other products from Defendant again in the future if Plaintiff could feel sure that Defendant's checkout flow screens accurately reflected the true nature of Defendant's offers. But, without an injunction, Plaintiff has no realistic way to know which—if any—of Defendant's offers are not misleading especially whether such offers include all material facts or omit some of them. Thus, Plaintiff is unable to rely on Defendant's checkout flow screens in the future, and so Plaintiff cannot purchase products that Plaintiff would like to purchase.

## IV. CLASS ACTION ALLEGATIONS

31. Plaintiff brings this action on behalf of all persons similarly situated, and seeks certification of the following class:

> All persons who, while in the United States, purchased any product or service from Defendant's Website in response to an offer constituting an "Automatic renewal" as defined by § 17601(a)(1) of the California Business and Professions Code within the statute of limitations period.

32. The above-described class of persons shall hereafter be referred to as the "Class." Excluded from the Class are any and all past or present officers, directors, or employees of Defendant, any judge who presides over this action, and any partner or employee of Class Counsel. Plaintiff reserves the right to expand, limit, modify, or amend this class definition, including the addition of one or more subclasses, in connection with his motion for class certification, or at any other time, based upon, *inter alia*, changing circumstances and/or new facts obtained during discovery.

33. **Numerosity.** The Class is so numerous that joinder of all members in one action is impracticable. The exact number and identities of the members of the Class is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, but Plaintiff is informed and believes, and thereon, alleges that there are at least 100 members of the Class.

34. **Typicality.** Plaintiff's claims are typical of those of other members of the Class, all of whom have suffered similar harm due to Defendant's course of conduct as described in this Complaint.

35. **Adequacy of Representation.** Plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class. Plaintiff has retained attorneys who are experienced in the handling of complex litigation and class actions, and Plaintiff and Plaintiff's counsel intend to prosecute this action vigorously.

36. **Predominance of Common Questions of Law or Fact.** Common questions of law and fact exist as to all members of the Class that predominate over any

questions affecting only individual members of the Class. These common legal and factual questions, which do not vary among members of the Class, and which may be determined without reference to the individual circumstances of any member of the Class, include, but are not limited to, the following:

A) Whether, during the Class period, Defendant failed to present the automatic renewal offer terms, or continuous service offer terms, in a clear and conspicuous manner before the subscription or purchasing agreement was fulfilled and in visual proximity to the request for consent to the offer in violation of Cal. Bus. & Prof. Code § 17602(a)(l);

B) Whether, during the Class period, Defendant failed to provide an acknowledgement that included the automatic renewal or continuous service offer terms, cancellation policy, and information on how to cancel in a manner that is capable of being retained by Plaintiff and Class members, in violation of Cal. Bus. & Prof. Code § 17602(a)(3);

C) Whether Defendant's order flow screens and post-transaction acknowledgment constitute unfair business practices in violation of the UCL under Business & Professions Code § 17200 *et seq*.;

D) Whether Defendant's order flow screens and post-transaction acknowledgment constitute false advertising in violation of the FAL under California Business & Professions Code § 17500 *et seq*.;

E) Whether Defendant's order flow screens and post-transaction acknowledgment constitute violations of the CLRA under California Civil Code § 1750 *et seq*.;

F) Whether Plaintiff and Class members are entitled to injunctive relief under Cal. Bus. & Prof. Code §§ 17203, 17535 and Cal. Civil Code § 1780(a)(2);

G) Whether Plaintiff and the Class members are entitled to monetary relief insofar as the goods or services provided by Defendant are deemed an unconditional gift in accordance with Cal. Bus. & Prof. Code § 17603;

H) Whether Plaintiff and Class members are entitled to restitution in accordance with Cal. Bus. & Prof. Code §§ 17203, 17535 and Cal. Civil Code § 1780(a)(3);

I) The proper formula(s) for calculating the restitution owed to Class members;

J) Whether Plaintiff and Class members are entitled to damages under Cal. Civil Code § 1780(a)(1);

K) Whether Plaintiff and the Class members are entitled to total damages of at least $1,000 in accordance with Cal. Civil Code § 1780(a)(1);

L) Whether Plaintiff and Class members are entitled to punitive damages under Cal. Civil Code § 1780(a)(4) and Cal. Civil Code § 3294(a);

M) Whether Plaintiff and Class members are entitled to any other relief that the Court deems proper in accordance with Cal. Civil Code § 1780(a)(5); and

N) Whether Plaintiff and Class members are entitled to attorneys' fees and costs under Cal. Civil Code § 1780(e) and California Code of Civil Procedure § 1021.5.

37. **Superiority.** A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all members of the Class is impracticable.

38. **Ascertainability.** Defendant keeps computerized records of its sales and customers through, among other things, databases storing customer orders, customer order histories, customer profiles, customer loyalty programs, and general marketing programs. Defendant has one or more databases through which a significant majority of members of the Class may be identified and ascertained, and they maintain contact information, including email addresses and home addresses (such as billing, mailing, and shipping addresses), through which notice of this action is capable of being disseminated in accordance with due process requirements.

## V. CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### Violation of Consumers Legal Remedies Act

### Cal. Civ. Code § 1750 *et seq.*

**(By Plaintiff, on Plaintiff's own behalf and on behalf of the Class, against All Defendants)**

39. Plaintiff incorporates by reference the foregoing paragraphs as if set forth hereinafter.

40. The CLRA prohibits certain "unfair methods of competition and unfair or deceptive acts or practices" in connection with the sale of goods or services to any consumer. (Cal. Civ. Code § 1770(a).)

41. The practices described herein, specifically Defendant's advertising and sale of its products, were intended to result and did result in the sale of such products to the consuming public and violated and continues to violate: (i) section 1770(a)(5) of the Civil Code by "[r]epresenting that goods or services have … characteristics … that they do not have"; and (ii) section 1770(a)(9) of the Civil Code by "[a]dvertising goods … with intent not to sell them as advertised…."

42. "Courts have found that violations of the ARL are actionable under CLRA subdivisions (a)(5) and (a)(9)." *Zeller v. Optavia LLC*, 2024 WL 1207461, at *6 (S.D. Cal. Mar. 14, 2024) (Sabraw, C.J.) (citing *Farmer v. BarkBox, Inc.*, 2023 WL 8522984, at *4 (C.D. Cal. Oct. 6, 2023) (holding that ARL violation was actionable under subdivision (a)(5)); *Leventhal v. Streamlabs LLC*, 2022 WL 17905111, at *4, *6-*7 (N.D. Cal. Dec. 23, 2022) (holding that ARL violation actionable under subdivisions (a)(5) and (9); and *Morrell v. WW Int'l, Inc.*, 551 F. Supp. 3d 173, 182-83 (S.D.N.Y. 2021) (same)). *Zeller* held, "Plaintiffs adequately state claims against Optavia under CLRA subdivisions (a)(5) and (a)(9), Cal. Civ. Code § 1770(a)(5), (9), predicated on Optavia's violation of the ARL…." *Zeller*, 2024 WL 1207461, at *5; *see also Zeichner v. Nord Security Inc.*, 2024 WL 4951261, at *6 (N.D. Cal. Dec. 2, 2024) (holding that allegations of ARL

violations plausibly stated a CLRA claim based upon unlawful practices particularly sections 1770(a)(5) and (9)) ("Plaintiff alleges Defendants advertised their product as though it did not automatically renew without consumer consent, when in actuality, the subscription did renew, and Defendants intended as much. These alleged violations of the ARL constitute material omissions by Defendants arising from a statutorily prescribed duty."); *Price v. Synapse Group, Inc.*, 2017 WL 3131700, at *8 (S.D. Cal. July 24, 2017) ("Plaintiffs allege that Defendants advertised discounted magazine subscriptions without adequately disclosing the terms of the automatic renewal features attached to those subscriptions. Put another way, Plaintiffs allege that by not adequately disclosing the automatic renewal features tied to the subscriptions, Defendants represented that the subscriptions had a characteristic they did not have—namely, the absence of an automatic renewal feature. The Court finds these allegations sufficient to state a claim under § 1770(a)(5).") (denying motion to dismiss CLRA claim under sections 1770(a)(5) and (9)).

43. Plaintiff is an individual who acquired, by purchase, the Product, which is a "good[]," *i.e.*, a tangible chattel bought for use primarily for personal, family, or household purposes within the meaning of Civil Code § 1761(a).

44. "A duty to disclose a material fact can arise if … it is imposed by statute…." *Zeichner*, 2024 WL 4951261, at *6 (quoting *Rattagan v. Uber Techs., Inc.*, 17 Cal. 5th 1, 40 (2024)). Here, the ARL imposed upon Defendant multiple duties to disclose certain material facts. Under the ARL, Defendant owed Plaintiff a statutory duty to present automatic renewal offer terms and continuous service offer terms in a clear and conspicuous manner before fulfilling the subscription or purchasing agreement in visual proximity to the request for consent to the offer under section 17602(a)(1) of the California Business and Professions Code. In addition, under the ARL, Defendant owed Plaintiff a statutory duty to provide an acknowledgment that includes automatic renewal offer terms or continuous service offer terms, cancellation policy, and information

regarding how to cancel in a manner that is capable of being retained by the consumer under California Business and Professions Code § 17602(a)(3).

45. Defendant violated the foregoing ARL requirements under subdivisions (a)(1) and (3) of section 17602 by failing to disclose key details of its cancellation policy and how to cancel in the fine print on the Website at the time of the consumer online checkout process and in its post-transaction acknowledgment. Such violations of the ARL constitute material omissions by Defendant arising from a statutorily prescribed duty.

46. In addition, Defendant's textual disclosure statements on the final order flow screen of its checkout process are misleading because they omit statutorily-required information about Defendant's cancellation policy, including how to cancel, in a clear and conspicuous manner before the subscription or purchasing agreement is fulfilled and in visual proximity to the request for consent to the offer. In addition, Defendant's post-transaction acknowledgment is misleading because it omits statutorily-required information about Defendant's automatic renewal offer terms or continuous service offer terms including Defendant's cancellation policy and information regarding how to cancel in a manner that is capable of being retained by the consumer in a clear and conspicuous manner. Thus, the automatic-renewal process on the Website and post-transaction acknowledgment create the misleading impression that the amount paid by a consumer is a one-time charge, rather than an automatically recurring monthly charge, and, thus, are unlawful misrepresentations in violation of the CLRA. Put differently, Defendant advertised the Product as though it did not automatically renew without consumer consent even though, in actuality, the subscription to the Product did renew, which is what Defendant intended.

47. In doing so, Defendant intentionally misrepresented and concealed material facts from Plaintiff and Class members. Said misrepresentations and concealment were done with the intention of deceiving Plaintiff and Class members, and depriving Plaintiff and Class members of their rights and money.

48. Defendant knew that the advertising of its products on the order flow screens on its Website and in its post-transaction acknowledgment were misleading, deceptive, and omitted material information. Defendant also knew that its post-transaction acknowledgment of products advertised on its Website were misleading, deceptive, and omitted material information.

49. Defendant's advertising of the Product was a material factor in Plaintiff's decision to purchase the Product. Based on Defendant's advertising of the Product, Plaintiff reasonably believed that Plaintiff was making a stand-alone purchase of the Product for a one-time fee instead of an automatically renewing subscription with an automatic monthly fee. Had Plaintiff known the truth of the matter, *i.e.*, that Defendant failed to comply with the ARL's requirements by disclosing its automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner, Plaintiff would not have purchased the Product.

50. Plaintiff and Class members have suffered injury in fact and have lost money as a result of Defendant's deceptive, unfair, and unlawful conduct.

51. Punitive damages are also sought herein based upon Defendant's deceptive conduct, which indicates that Defendant is guilty of oppression, fraud, or malice.

52. Prior to the commencement of this action, Plaintiff sent a letter to Defendant at its principal place of business notifying Defendant of the particular wrongdoing that violates the CLRA and demanded that Defendant appropriately correct its advertising and/or provide another appropriate remedy of the violations to the putative Class of California consumers.

53. More than 30 days have elapsed since Plaintiff sent such demand letter to Defendant, but Defendant failed to respond by either correcting its conduct and/or otherwise providing an appropriate remedy of the violations or offering to do so within a reasonable time to the entire putative Class.

## SECOND CLAIM FOR RELIEF

### Violation of False Advertising Law

**Cal. Bus. & Prof. Code § 17500 *et seq*.**

**(By Plaintiff, on Plaintiff's own behalf and on behalf of the Class, against All Defendants)**

54. Plaintiff incorporates by reference the foregoing paragraphs as if set forth hereinafter.

55. Section 17500 of the California Business and Professions Code states in relevant part, "It is unlawful for any person, firm, corporation or association, or any employee thereof with ***intent directly or indirectly to dispose of*** real or ***personal property*** or to perform services, professional or otherwise, or anything of any nature whatsoever or ***to induce the public to enter into any obligation relating thereto***, ***to make or disseminate or cause to be made or disseminated before the public in this state***, or to make or disseminate or cause to be made or disseminated from this state before the public in any state, in any newspaper or other publication, or ***any advertising device***, or by public outcry or proclamation, or ***in any other manner or means whatever***, ***including over the Internet***, ***any statement***, concerning that real or ***personal property*** or those services, professional or otherwise, or ***concerning any circumstance or matter of fact connected with the proposed*** performance or ***disposition thereof***, ***which is untrue or misleading***, ***and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading***, ***or for any person, firm, or corporation to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property*** or those services, professional or otherwise, ***so advertised at the price stated therein, or as so advertised***." (Cal. Bus. & Prof. Code § 17500) (emphasis added).

56. By committing the acts alleged in this operative Complaint, Defendant has violated Business and Professions Code §§ 17500 *et seq*. In particular, Defendant's textual disclosure statements on the final order flow screen of its checkout process are misleading because they omit statutorily-required information about Defendant's cancellation policy, including how to cancel, in a clear and conspicuous manner before

the subscription or purchasing agreement is fulfilled and in visual proximity to the request for consent to the offer. In addition, Defendant's post-transaction acknowledgment is misleading because it omits statutorily-required information about Defendant's automatic renewal offer terms or continuous service offer terms including Defendant's cancellation policy and information regarding how to cancel in a manner that is capable of being retained by the consumer in a clear and conspicuous manner.

57. As a direct and proximate result of Defendant's misleading order flow screens on its Website and misleading post-transaction acknowledgment, which contain omissions prohibited by the ARL, Plaintiff and members of the Class have suffered injury in fact and have lost money.

58. Plaintiff is entitled to restitution pursuant to Cal. Bus. & Prof. Code § 17535 for all monies paid by Plaintiff under the subscription agreement or purchasing agreement. Defendant should be required to disgorge all the profits and gains it has reaped and restore such profits and gains to Plaintiff and Class members, from whom they were unlawfully taken.

## THIRD CLAIM FOR RELIEF

**Violation of Unfair Competition Law**

**Cal. Bus. & Prof. Code § 17200 *et seq*.**

**(By Plaintiff, on Plaintiff's own behalf and on behalf of the Class, against All Defendants)**

59. Plaintiff incorporates by reference the foregoing paragraphs as if set forth hereinafter.

60. The UCL prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice, any unfair, deceptive, untrue or misleading advertising, and any act prohibited by the FAL. Cal. Bus. & Prof. Code § 17204 allows "a person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the UCL. Such a person may bring such an action on behalf

of himself or herself and others similarly situated who are affected by the unlawful and/or unfair business practice or act.

61. During the Class period, Defendant committed unlawful business acts or practices as defined by the UCL by violating sections 17601 and 17602 of the California Business and Professions Code.

62. As a direct and proximate result of Defendant's deceptive, unfair, and unlawful acts or practices described herein, including its misleading and incomplete order flow screens on its Website and misleading and incomplete post-transaction acknowledgment, Plaintiff and members of the Class have suffered injury in fact and have lost money.

63. Defendant has received, and continues to hold, unlawfully obtained property and money belonging to Plaintiff in the form of payments made for the insufficiently disclosed subscription agreement by Plaintiff. Defendant has profited from its unlawful acts or practices in the amount of those business expenses and interest accrued thereon.

64. Plaintiff is entitled to restitution pursuant to Cal. Bus. & Prof. Code § 17203 for all monies paid by Plaintiff under the subscription agreement. Defendant should be required to disgorge all the profits and gains it has reaped and restore such profits and gains to Plaintiff and Class members, from whom they were unlawfully taken.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment against Defendant as follows:

a. For an order certifying that the action be maintained as a class action, that Plaintiff be designated as the class representative, and that undersigned counsel be designated as class counsel;
b. For all available declaratory, legal, and equitable relief including injunctive relief;
c. For statutory damages;
d. For punitive damages;
e. For attorneys' fees and costs as allowed by law; and

f. For any and all other relief at law or equity that may be appropriate.

Dated: September 21, 2025

PACIFIC TRIAL ATTORNEYS, APC

By: */s/ Scott J. Ferrell*
Scott J. Ferrell
Attorneys for Plaintiff and the Proposed Class